IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 91-3595

In the Matter of:   WALTER HOWARD and
                    VERLEAN HOWARD,

                                        Debtors.

SUN FINANCE COMPANY, INC.,

                                        Appellant,

                         versus

WALTER HOWARD and VERLEAN HOWARD,

                                        Appellees.

Appeals from the United States District Court
for the Eastern District of Louisiana

( September 8, 1992 )

Before HIGGINBOTHAM and DUHÉ, Circuit Judges and HUNTER,[*] District Judge.

HIGGINBOTHAM, Circuit Judge:

We deal in this case with the effect of a confirmed reorganization plan under Chapter 13 of the Bankruptcy Code on a secured creditor who fails to object to the plan before confirmation. We conclude that a Chapter 13 plan which purports to reduce or eliminate a creditor's secured claim is res judicata as to that creditor only if the debtor has filed an objection to the creditor's claim. If no objection is filed to a secured

---

[*]Senior District Judge of the Western District of Louisiana, sitting by designation.

claim, the creditor is entitled to rely upon its lien and not participate in the bankruptcy proceedings. Accordingly, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

I.

The facts in this case are undisputed. Sun Finance Company, Inc. held a secured mortgage in the amount of $4,590.47 on two New Orleans properties owned by the Howards. On May 21, 1990, the Howards filed a Chapter 13 bankruptcy petition and plan. The plan described the Sun Finance claim as disputed. The Howards listed as an asset an action against Sun for unfair and deceptive trade practices. The plan provided that Sun would be paid $500 of its secured debt in full compromise of the Howards' claimed action against Sun and Sun's lien would be lifted.

Sun was listed as a secured creditor in the Howards' bankruptcy and received notice of the filing of the petition, the creditors' meeting, and the plan confirmation hearing. The notice of the creditors' meeting and the confirmation hearing contained the following summary of the plan: "The plan proposes payments of $64.00 monthly to the Trustee with unsecured claims to be paid 100.00% over approximately 36 months." At no time did Sun receive a copy of the plan itself or actual notice that its claim had been compromised to $500. Sun filed a proof of claim before the confirmation hearing. The Howards did not file an objection to Sun's proof of claim. Sun did not participate in the confirmation proceedings beyond filing its proof of claim. No objection was

2

made to the plan's confirmation and the bankruptcy court confirmed it on July 10, 1990.

When Sun did not receive the payments which it anticipated, it filed a motion to lift the automatic stay in order to permit it to foreclose on its note and mortgage. The bankruptcy court refused to lift the stay, ruling that the confirmation of the plan was res judicata to the issues raised in Sun's motion because Sun failed to object to the plan prior to confirmation.

The district court affirmed the ruling of the bankruptcy court.

## II.

The Howards assert in defense of the district court's judgment that the confirmation of a Chapter 13 plan has a res judicata effect as to all issues decided in the plan. Therefore, they argue, Sun is bound by the plan's provision that their secured claim is offset by the Howards' claims against Sun. On its face, § 1327(a) of the Bankruptcy Code gives a Chapter 13 reorganization plan a sweeping binding effect on all creditors. It provides that "the provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). Property which passes through the plan vests in the debtor "free and clear of any claim or interest of any creditor provided for by the plan." § 1327(c).

Provisions of the bankruptcy code cannot be read in isolation but should be interpreted in light of the remainder of the

3

statutory scheme.  United Savings Assoc. v. Timbers of Inwood Forest, 108 S.Ct. 626, 630 (1988); In re Southmark (Southmark Corp. v. Southmark Personal Storage, Inc.), 138 B.R. 831, 834 (Bankr. N.D. Tex. 1992).  Several provisions of the bankruptcy code provide special procedures to protect secured creditors and their liens. Section 502(a) provides that "a claim or interest, proof of which is filed under Section 501 of this title, is deemed allowed, unless a party in interest . . . objects."  Section 506(a) further provides that the value of a secured claim must be determined in conjunction with any plan that would affect the creditor's interest.  A timely-filed proof of claim constitutes prima facie evidence of the validity and amount of the claim.  B.R. 3001.  To rebut a proof of claim, the debtor must file an objection under B.R. 3007.  Sun asserts that because no objection was made to its timely-filed proof of claim, § 502(a) requires that it be deemed allowed under the plan.  Because the proper procedure for objecting to Sun's proof was not followed, Sun asserts, the plan cannot effectively reduce the amount of their lien.

We have addressed the effect of the confirmation of a Chapter 13 plan on creditors who fail to object to the confirmation twice before.  Sun finds support for its position in In re Simmons, 765 F.2d 547 (5th Cir. 1985).  In Simmons, a creditor who had perfected a statutory lien was incorrectly listed in the debtor's plan as an unsecured creditor.  The creditor indicated that he would approve the plan, but added the proviso that he must be listed as a secured creditor.  The creditor did not object to the plan at the

4

confirmation hearing and his status under the plan was never corrected. The debtor argued that because the creditor had failed to object to the plan's confirmation he was bound by its terms and his lien was therefore invalid. We disagreed, holding that a Chapter 13 plan may not substitute for an objection to a secured creditor's proof of claim. Once the creditor has filed a proof of claim, "the Code and the Rules clearly impose the burden of placing the claim in dispute on any party in interest desiring to do so by means of filing an objection." Id. at 552. A secured creditor is therefore not bound by a plan which purports to reduce its claim where no objection has been filed.

The Howards rely on our decision in Republic Supply Co. v. Shoaf, 815 F.2d 1046 (5th Cir. 1987), to support their position that confirmation of a Chapter 13 plan is res judicata against any creditor who fails to object to its confirmation. The bankruptcy court in Shoaf included in a Chapter 13 plan a provision invalidating a guaranty by a third party in favor of one of the creditors. That creditor objected to the provision in one hearing, but failed to object to the plan at the final confirmation hearing. Although the bankruptcy court was without statutory authority to release the guaranty in the plan, we held that the plan confirmation was nonetheless res judicata on the issue of the validity of the plan provision affecting the guaranty.

The apparent tension between Simmons and Shoaf reflects no more than the difficulty in striking a workable balance between the interest in the protection of secured creditors and the interest in

5

finality for Chapter 13 debtors. To the extent that these cases might be in conflict, we would be bound to follow <u>Simmons</u> as the earlier decision of this court on the subject. <u>Broussard v. Southern Pacific Trans. Co.</u>, 665 F.2d 1387, 1389 (5th Cir. 1982) (en banc). We believe, however, that when properly read, these cases are not in conflict.

A secured creditor "with a loan secured by a lien on the assets of a debtor who becomes bankrupt before the loan is repaid may ignore the bankruptcy proceeding and look to the lien for satisfaction of the debt." <u>Simmons</u>, 765 F.2d at 556, quoting <u>In re Tarnow</u>, 749 F.2d 464, 465 (7th Cir. 1984). In other words, a secured creditor may remain outside the bankruptcy proceedings until an interested party objects to his allowed secured claim. This right to stay outside the bankruptcy process by relying solely on the value of one's lien would be meaningless, however, if the creditor's claim can be compromised away without further notice and he is bound by that compromise. Strict adherence to the requirement that an objection be filed to challenge a secured claim is necessary to protect this important interest under the Code.

In light of these concerns, <u>Shoaf</u> stands for the proposition that a confirmed Chapter 13 plan is <u>res</u> <u>judicata</u> as to all parties who participate in the confirmation process. The general applicability of <u>res judicata</u> to bankruptcy plan confirmations must give way, however, to the interest of the secured creditor, as we recognized in <u>Simmons</u>, in being confident that its lien is secure unless a party in interest objects to it. Unlike the creditor in

6

this case, the holder of the guaranty in <u>Shoaf</u> was not a secured creditor of the debtor entitled to the protection of §§ 502(a) and 506. The immediate importance of that distinction is demonstrated by the fact that the <u>Shoaf</u> court found it unnecessary to cite <u>Simmons</u>. Thus, <u>Simmons</u> represents a limited exception to the general rule of <u>Shoaf</u> based upon the competing concerns expressed in the bankruptcy code.

The Howards point to the Third Circuit's decision in <u>In re Szosteck</u>, 886 F.2d 1405 (3d Cir. 1989) to support their position that Sun is bound by the terms of the confirmed plan. A closer reading of <u>Szosteck</u>, however, demonstrates that it is consistent with our holding. The key to <u>Simmons</u> is the requirement that a claim be objected to before the creditor loses its ability to rely upon its lien for relief. In <u>Szosteck</u>, the debtor had filed an objection to the creditor's claim before the confirmation hearing was scheduled. <u>Id</u>. at 1406. The filing of an objection is all that <u>Simmons</u> requires. Once a debtor has objected to a claim, the creditor is on notice that full participation in the confirmation proceedings is required or its lien will be at risk.

Applying <u>Simmons</u> to the facts in this case, we find that the confirmation of the Chapter 13 plan does not bar Sun from seeking enforcement of its lien. Sun's timely filed proof of claim was never objected to and Sun did not participate in the confirmation of the Howards' plan. Accordingly, we will reverse the judgment of the district court.

We decline to hold, as the Howards urge, that any flaw in the provisions of a Chapter 13 plan may be objected to after confirmation. Such a holding would, as <u>Shoaf</u> recognizes, step too hard on the debtors' interest in finality after the confirmation of a Chapter 13 plan. We hold only that a debtor who wishes to challenge the amount of a secured claim either by asserting a counterclaim or offset against it or by disputing the amount or validity of the lien must file an objection to the creditors' claim in order to put the creditor on notice that it must participate in the bankruptcy proceedings. A Chapter 13 plan may by its very nature change the terms of payment and otherwise modify the terms of the debt underlying the lien. Creditors are put on notice of the possibility of these types of modifications by notice of the filing of a Chapter 13 proceeding and must object to the confirmation of a plan in order to prevent their effect. These plan provisions will be final as to all creditors in those respects because they do not conflict with other provisions of the bankruptcy code. <u>See</u> <u>Matter of Pence</u>, 905 F.2d 1107 (7th Cir. 1990) (allowing Chapter 13 plan to avoid lien where "plan treats the secured claim in a fair and equitable manner, providing for full payment of the debt.").

We do not believe that requiring a Chapter 13 debtor to file an objection to a secured claim before reducing the amount of the claim represents a substantial additional burden on the ability of debtors to obtain a fresh start. We do not agree with the Howards that requiring an objection to a claim before it can be reduced

8

through a Chapter 13 plan would require a debtor to check daily with the clerk to see if a proof of claim has been filed. The Howards knew that they were using the plan to reduce the amount of Sun's secured claim. To qualify as a Chapter 13 debtor, an individual must owe "noncontingent, liquidated, unsecured debts that aggregate less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000." 11 U.S.C. § 109(e). Individual debtors with relatively small debt loads can be expected to know what their secured debts are and whether their plan will reduce or eliminate a secured creditor's lien. The burden of filing a written objection to those claims is not onerous. A secured creditor with notice that the debtor is objecting to its claim must participate in the bankruptcy proceedings to protect its rights. As we see it, the dispute over the secured claim may be resolved in most cases before confirmation of the plan without delay.

## III.

Sun also asserts that the cursory summary of the plan's provisions denied Sun due process. We decide this case on other grounds and do not reach this issue.

REVERSED and REMANDED.