**In re ELECTRONICS & METALS INDUSTRIES, INC., Debtor.**

**Bankruptcy No. 91–12506–FM.**

United States Bankruptcy Court,
W.D. Texas,
Austin Division.

Oct. 19, 1992.

Henry J. Novak, Austin, TX, for debtor.

Bobbi Rulander, FDIC Legal Div., Dallas, TX, for FDIC.

## MEMORANDUM OPINION ON DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION

FRANK R. MONROE, Bankruptcy Judge.

The Court held a hearing on September 24, 1992 upon the Debtor's Second Amended Chapter 11 Plan of Reorganization. At that hearing the Federal Deposit Insurance Corporation ("FDIC") appeared for the *first* time in this case, which has been pending for over a year, raising an issue with regard to the Plan's effect, if any, upon its pre-petition lien and the resultant effect thereof upon the Plan's feasibility. Based upon the record established at the hearing, the stipulations of fact filed by the Debtor and the FDIC, the argument of counsel, the briefs of the parties, and the Court's own independent research, the Court issues this its Memorandum Opinion as written Findings of Fact and Conclusions of Law under Bankruptcy Rule 7052. This is a core proceeding under 28 U.S.C. § 157(b)(2)(*l*) and is, therefore, a matter over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(a), (b) and (c), 28 U.S.C. § 157(a) and (b)(1), 28 U.S.C. § 151 and the standing Order of Reference in this District.

### Findings of Fact

The following is a restatement verbatim of the stipulations of fact filed by the Debtor and the FDIC on September 30, 1992 as being those facts stipulated by the parties as being germane to resolution of the legal issue at hand:

1. The FDIC has a security interest in the Debtor's accounts receivable and inventory, as well as all accesses, substitutions and additions thereto and proceeds therefrom. Prior to the filing of the Debtor's bankruptcy petition, the FDIC properly

perfected its security interest by the filing of certain UCC financing and continuation statements. Copies of the FDIC's security agreement and UCC financing and continuation statements are attached to the FDIC's Motion for Relief from Stay Against Property or for Adequate Protection filed herein.

2. In early 1987, the Debtor pledged its accounts receivable and inventory to secure three promissory notes executed by Robetech, Inc., and/or P. Reese Davis to Heritage National Bank.

3. The FDIC is the successor-in-interest of the promissory notes, security agreement and UCC financing and continuation statements.

4. The FDIC was listed as a secured creditor on the Debtor's schedules with a lien on equipment and machinery and a disputed claim of $50,000. The Debtor's schedules make no mention of the FDIC's lien on its accounts receivable and inventory.

5. The FDIC's Dallas post office box appears on the service list for the following documents:

—Notice of Meeting of Creditors;

—Notice of Hearing on Approval of Disclosure Statement;

—Order Approving Disclosure Statement and Fixing Time for Acceptance or Rejection of Plan;

—Debtor's Amended Chapter 11 Plan of Reorganization;

—Debtor's Second Amended Disclosure Statement; and

—Ballot.

6. The FDIC has not filed a proof of claim in the Debtor's bankruptcy.

7. The FDIC did not file an objection to the confirmation of the Debtor's Plan of Reorganization.

8. The FDIC perfected its security interest post-petition by filing a Notice of Lien on Accounts Receivable and Cash Collateral pursuant to 11 U.S.C. § 546(b) on September 3, 1992.

9. The FDIC filed a Motion for Relief from Stay or for Adequate Protection with regard to the cash collateral and accounts receivable on September 24, 1992.

### Issue

Does the pre-petition lien of the FDIC, for which no claim was filed and which is not provided for in the Plan, survive under § 506(d)(2) or is it cancelled under § 1141(c)?

### Conclusions of Law and Discussion

 The parties stipulated in open court that if the lien of the FDIC survives confirmation the Plan is not feasible. If it does not survive, the Plan is feasible. The Court has the independent obligation to make findings that a plan meets all applicable requirements of § 1129(a). Further, the FDIC has standing to be heard on the issue even though it holds a "disputed" secured claim that was neither filed nor allowed.

 The Court concludes that it is best guided by the rationale of the District Court in *Relihan v. Exchange Bank*, 69 B.R. 122 (S.D.Ga.1985). Based thereon the Court concludes that the FDIC's lien claim will survive confirmation of the Debtor's Plan. It is not necessary to restate the discussion of Judge Edenfield. It is sufficient simply to state this Court concludes that the *Relihan* case should be applied to the facts of this case. As such, it controls the result.

The Debtor's reliance upon the Fifth Circuit cases of *In re Simmons*, 765 F.2d 547 (5th Cir.1985) and *In Sun Finance Co. v. Howard*, 972 F.2d 639 (5th Cir.1992) is misplaced. In both of those cases the debtors failed to object to the secured claims that were filed and the secured creditors failed to object to the treatment proposed by the debtors' plans which materially altered their rights. The Fifth Circuit ruled that the creditors retained their liens unaffected by the plans because the debtors had failed to object to their claims under § 502 of the Code.

 However, in the instant case even though the Debtor scheduled the FDIC as having a "disputed" claim (and the FDIC

filed no claim), the Debtor's Plan does not provide *any* treatment for the FDIC's claim. It is black letter law that a claim is not impaired by a plan unless it is classified and treated in a manner inconsistent with its pre-petition rights. Here, since the Plan neither classifies nor treats the FDIC's claim, it is unimpaired. Since it is left unimpaired by the Plan, there is no justification for interpreting § 1141(c) to "void" its lien. To the contrary, § 506(d)(2) seems to fit with this situation "hand in glove" since the only reasons the FDIC does not have an allowed secured claim is that it did not file a claim and the Debtor scheduled its claim as disputed. Since the FDIC's secured claim is unimpaired under the Plan, it must retain its secured status post-confirmation.

The Fifth Circuit in *Simmons* and *Sun Finance* did not allow the debtors' plans to affect the status of pre-petition liens held by secured creditors when no objection had been filed to their claims even though the plans clearly stated they were adversely affecting that lien status. There is no reason to expect the result to be any different here where the Debtor's plan fails to treat or impair in any manner the FDIC's secured claim. The fact that the FDIC's claim was listed by the debtor in its schedules as disputed is not grounds to reach a different result.

> "The bank was therefore within its rights in 'ignoring' bankruptcy and looking to the lien for satisfaction of its debt."

*Relihan* at p. 127.

### Conclusion

Since the parties have stipulated that survival of the FDIC's lien post-confirmation makes the Plan infeasible and not in compliance with § 1129(a)(11), it must be denied confirmation.