In re Robert SCHULTZ and Nancy E. Schultz.

Robert SCHULTZ and Nancy E. Schultz, Movants,

v.

HANCOCK BANK, Respondent.

Bankruptcy No. 8908951 SEG.

United States Bankruptcy Court,
S.D. Mississippi,
S.D.

April 15, 1993.

Robert Gambrell, Biloxi, MS, for movants.

William S. Boyd, III, Gulfport, MS, for respondent.

## OPINION

EDWARD R. GAINES, Bankruptcy Judge.

There came for consideration the debtors' motion to require creditor to release lien and for sanctions against Hancock Bank. Having considered the pleadings, the memoranda submitted by counsel, and applicable law, the Court concludes that the motion is well taken and should be granted as to releasing the lien but denied as to sanctions.

## I. FACTS

1. Robert and Nancy Schultz executed a note and security agreement in favor of Hancock Bank in February of 1989, in the original amount of $18,740.40. The security consisted of a 1987 Chevrolet Caprice.

2. A petition for relief under Chapter 13 of Title 11 was filed by Robert and Nancy Schultz on September 5, 1989.

3. The debtors' schedule of secured debts included the debt to Hancock Bank in the amount of $14,785.99 and listed the market value of the security as $8,125.00.

4. The debtors' chapter 13 plan proposed to pay Hancock the value of its claim, listed at $8,175.00,[1] plus the contract rate of interest of 11.49%. Unsecured claims were to be paid 20%.

5. Hancock Bank filed its proof of claim listing the principal amount due as $15,072.90. Interest was listed at the contract rate of 11.499%. The claim filed also included the statement, "The fair market value of the property on which the claimant has a lien (secured portion of claim) is ..... $8,175.00." The proof of claim also contained the following statement, "This claim is a general unsecured claim, except to the extent that the security interest, if any, described below is sufficient to satisfy the claim."

6. On March 30, 1990, an order approving claims was entered, on the trustee's motion to allow claims, that allowed claims to the Hancock Bank in the amount of $8,175.00 as secured, and $6,897.90 as unsecured. These amounts total the $15,072.90 listed in Hancock Bank's proof of claim.

7. An order confirming the debtors' plan was entered on December 19, 1989. No objection to the plan was filed by Hancock Bank.[2] No objection to Hancock Bank's proof of claim was filed by the debtors.

8. On December 28, 1990, an order approving modification of the debtors' plan was entered. The modified plan decreased the percentage to be paid on unsecured claims to 0% and extended the term of the plan from 40 to 50 months. No objections to the debtors' request for modification were filed.

9. In June of 1992 the chapter 13 trustee filed his final report and account which showed payments made to Hancock Bank in the amount of $8,175.00 principal and $1,677.83 interest on its secured claim, and $84.44 on unsecured debt. Orders were

---

1. The Court notes the $50.00 discrepancy between the value listed in the schedules and that listed in the plan. However, both the creditor's claim and the plan attached to the order of confirmation listed the value at $8,175.00.

2. The debtors' brief indicates that a representative of Hancock Bank was present at the § 341(a) meeting of creditors.

entered approving the trustee's final account, discharging the debtor after completion of chapter 13 plan, and closing the estate on July 13, 1992.

10. On August 11, 1992, the debtors filed a motion to reopen the bankruptcy case stating that Hancock Bank refused to release the lien and title on the vehicle. The case was reopened and the debtors filed their motion to require the bank to release the lien and for contempt.

11. The debtors' motion alleges that the creditor's attorney notified counsel for debtors that the bank would not release the lien based upon *In re Simmons* [3] and *Dewsnup v. Timm.* [4] The motion states that the debtors are entitled to an order directing the creditor to release its lien and the title based upon their completion of the chapter 13 plan as proposed including the payment of the full amount of the value of the vehicle with interest thereon. The debtors claim that Hancock is in violation of the automatic stay provided by § 362(a) by attempting to enforce a lien against property of the estate and by retention of such lien in an attempt to collect or recover a claim against the debtors.

12. Hancock filed a response alleging that it filed a proof of claim in the amount of $15,072.90, and that no objection was filed to the claim contesting the amount of the secured claim or the collateral. Hancock states that this question was recently presented to the Fifth Circuit in *In re Howard* [5], and that the Court held, relying on *In re Simmons,* [6] that a security interest was valid post-payout where the debtors had failed to object to a proof of claim as being secured although the debtors had specified a value in their plan and made all of the payments under the terms thereof. Hancock further stated that no objection was filed here, that the claim was not bifurcated into secured and unsecured segments, but was filed as a wholly secured claim in the amount of $15,072.90, and that

the bank continues to retain a security interest in the collateral.

13. Briefs were subsequently submitted by the parties and the issues were presented to the Court for determination.

## II. CONCLUSIONS

The matter before the Court is a core proceeding under 28 U.S.C. § 157. The Court has jurisdiction pursuant to 28 U.S.C. § 1334.

Section 502(a) of Title 11 of the United States Code provides that, "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, ... objects." 11 U.S.C. § 502(a). Hancock Bank filed a proof of claim in this bankruptcy proceeding. No objection was filed to the claim. Pursuant to § 502(a), the claim was deemed allowed.

Hancock now urges the Court to find that the claim is secured to the full extent of the debt. Hancock's claim clearly states that: "The fair market value of the property on which the claimant has a lien (*secured portion of claim*) is ... $8,175.00." (emphasis added). The claim further provides that, "This claim is a general unsecured claim, except to the extent that the security interest, if any, described below is sufficient to satisfy the claim." The Court must conclude that the claim that was deemed allowed, was the claim, *as filed*, by Hancock Bank. Therefore, what was deemed allowed was a secured claim in the amount of $8,175.00, and an unsecured claim for the remaining balance on the debt as shown on the face of the proof of claim. Section 506(a) of the Code provides that:

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, ... and is an unsecured claim to the extent that the value of such

**3.** 765 F.2d 547 (5th Cir.1985).

**4.** —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992).

**5.** 972 F.2d 639 (5th Cir.1992).

**6.** 765 F.2d 547 (5th Cir.1985).

creditor's interest ... is less than the amount of such allowed claim....

11 U.S.C. § 506(a).

■ The debtors' plan provided for payment of $8,175.00 as a secured debt, with interest, in accordance with Hancock's proof of claim. The remaining unsecured debt would have been included in the unsecured class of creditors to be paid the percentage provided by the plan for unsecured debts. This treatment was in accordance with section 1325 of the Code which provides:

> (a) Except as provided in subsection (b), the court shall confirm a plan if—
>
> (5) with respect to each allowed secured claim provided for by the plan—
>
> > (A) the holder of such claim has accepted the plan;
> >
> > (B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and
> >
> > (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or
> >
> > (C) the debtor surrenders the property securing such claim to such holder ...

11 U.S.C. § 1325(a)(5). The value distributed through the chapter 13 plan was not less than the allowed amount of the secured claim.[7] Additionally, Hancock Bank did not object to the debtors' plan.

Upon payment in full of the allowed amount of a creditor's secured claim, the lien is satisfied and should be cancelled. *Collier on Bankruptcy*, provides the following:

> If the allowed secured claim is satisfied under the chapter 13 plan, the lien securing it should be cancelled. Hence,

at the end of a completed chapter 13 plan, the holder of such a claim will have no rights remaining against the debtor or property of the debtor; any unsecured portion of the claim will have been discharged under section 1328(a).

3 *Collier on Bankruptcy*, ¶ 1300.73[4]. Legislative history of section 1325 provides that, "[T]he secured creditors' lien only secures the value of the collateral and to the extent property is distributed of a present value equal to the allowed amount of the creditor's secured claim the creditor's lien will have been satisfied in full." 124 Cong. Rec. H11107 (daily ed. Sept. 28, 1978); S17423 (daily ed. Oct. 6, 1978); (remarks of Rep. Edwards and Sen. DeConcini).[8]

Hancock Bank argues that under *In re Howard*, 972 F.2d 639 (5th Cir.1992) and *In re Simmons*, 765 F.2d 547 (5th Cir.1985), the debtor's failure to object to their proof of claim renders the claim, in effect, wholly secured. On this premise, payment of the $8,175.00 plus interest through the debtor's chapter 13 plan, did not satisfy their lien. Without question, the holdings of *Howard* and *Simmons* are clearly applicable to proceedings before this Court where the facts are analogous. The facts are not analogous here.

The Fifth Circuit, in the *Howard* decision, stated that, "To *rebut* a proof of claim, the debtor must file an objection under B.R. 3007." 972 F.2d at 640 (emphasis added). The debtors here clearly did not wish to rebut Hancock's proof of claim. The exact amount indicated on the claim as the secured portion of the debt was provided in the debtors' chapter 13 plan, and accordingly paid. The *Howard* decision further provides that:

> We hold only that a debtor who wishes to challenge the amount of a secured claim

**7.** A creditor may not be paid more than the amount of its claim. *See, In re Oak Partners, Ltd.,* 135 B.R. 440 (Bankr.N.D.Ga.1991).

**8.** The Court does not find that a separate motion or adversary proceeding to avoid the lien, or any portion thereof, was necessary pursuant to 11 U.S.C. § 506(d). The amount of the secured claim was *not in dispute,* based on the proof of claim, the plan and the debtors' schedules, and the debtors' plan paid the secured

claim in full. Therefore, there was no lien for lien avoidance by the debtor under section 506(d), because the lien was to be satisfied in full under the plan. To the extent there was any other specific action required to void the lien as to the unsecured portion of the debt, the Court concludes that the present motion does just that, and can find no prejudicial impact upon the creditor by such filing at this point in the proceedings.

either by asserting a counterclaim or offset against it or by disputing the amount or validity of the lien must file an objection to the creditors' claim in order to put the creditor on notice that it must participate in the bankruptcy proceedings.

972 F.2d at 642. The debtors here obviously did not wish to challenge the amount of Hancock's secured claim. To the contrary, the debtors indicated full agreement with it by proposing and paying the amount indicated as the secured portion of the claim. *Howard* also discusses the Court's holding in the previous *Simmons* case as follows:

> In *Simmons*, a creditor who had perfected a statutory lien was incorrectly listed in the debtor's plan as an unsecured creditor ... The debtor argued that because the creditor had failed to object to the plan's confirmation he was bound by its terms and his lien was invalid. We disagreed, holding that a Chapter 13 plan may not substitute for an objection to a secured creditor's proof of claim. Once the creditor has filed a proof of claim, "the Code and Rules clearly impose the burden of placing the claim in dispute on any party in interest desiring to do so by means of filing an objection." ... A secured creditor is therefore not bound by a plan which purports to reduce its claim where no objection has been filed.

972 F.2d at 641. The debtors' plan did not reduce the claim filed by Hancock Bank. Because there was no dispute over the amount or validity of the creditor's claim as filed, it was not necessary for the debtors to file an objection to the claim. To now hold that the claim was secured in the total amount of $15,072.90, would be inconsistent with the claim that was filed and deemed allowed pursuant to 11 U.S.C. § 502(a), and would be prejudicial to other unsecured claimants who were paid a percentage on their claims.

The secured claim of Hancock Bank was deemed allowed as filed, was included in the plan, and was paid in full. Hancock Bank received what it was entitled to receive, what it apparently intended to receive, and what is contemplated under the Bankruptcy Code for a secured creditor to receive. Accordingly, the lien has been fully satisfied and should be released.[9]

■ The debtors have also requested that the Court find Hancock Bank to be in contempt in its attempt to enforce a lien in violation of of 11 U.S.C. § 362(a). To the extent that any such violation occurred, the Court is not inclined to find the creditor here in contempt given the current state of law regarding the particular issues raised herein.

A judgment will be entered consistent with these findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58. This opinion shall constitute findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52.

---

9. The Court does not find that *Dewsnup v. Timm*, —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992) (disallowing stripping down of lien on real property in a chapter 7) indicates a different conclusion. Provision for satisfaction of the lien here was in accord with the creditor's claim. Additionally, some Courts have held that *Dewsnup* is not applicable to chapter 13 cases. *See, Sapos v. Provident Institution of Savings in Boston*, 967 F.2d 918 (3rd Cir.1992); *Bellamy v. Federal Home Loan Mortgage Corporation*, 962 F.2d 176 (2d Cir.1992).