# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

## No. 96-40732
_____

**In Re:  ALLAN HALL and WIFE KIMBERLY HALL,**

**Debtors.**

**ALLAN HALL and WIFE KIMBERLY HALL,**

**Appellants,**

**versus**

**IMPERIAL THRIFT & LOAN ASSOCIATION,**

**Appellee.**

_____

Appeal from the United States District Court
for the Eastern District of Texas
(1:94-CV-522)
_____

April 10, 1997

Before JONES, STEWART, and DENNIS, Circuit Judges

PER CURIAM:[*]

      Allan and Kimberly Hall ("Debtors") filed for relief under Chapter 13 of the

Bankruptcy Code on October 8, 1993.  Imperial Thrift and Loan Association filed a proof of claim

on March 11, 1994, asserting a $9,214.00 claim fully secured by the Debtors' 1990 Honda Civic.

----

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

The Debtors had filed a plan on January 14, 1994 in which they had proposed to pay Imperial $5000.00 over a forty-six month period.

The plan was set for a confirmation hearing on April 6, 1994. On March 31, six days before the plan confirmation hearing, Debtors filed an objection to Imperial's proof of claim. The court set the objection for a hearing on May 3, almost a month after the date set for the plan confirmation hearing. On April 1, <u>five</u> days before the plan confirmation hearing, Imperial filed an objection to confirmation of the Debtors' plan.

At the confirmation hearing on April 6, Imperial appeared to represent its interests, but the Debtors objected to Imperial's standing to oppose confirmation, relying on the local rule which requires all confirmation objections to be filed at least seven days prior to the date set for confirmation. Imperial's objection to confirmation was filed only <u>five</u> days prior to the confirmation hearing, and the bankruptcy court struck Imperial's objection. The Debtors' plan was confirmed.

On May 3, the bankruptcy court conducted a hearing on the Debtors' objection to Imperial's proof of claim. The Debtors argued that the prior plan confirmation operated as res judicata to preclude relitigation of the amount of Imperial's claim. The bankruptcy court rejected the Debtors' argument, concluding that the Debtors' objection to Imperial's proof of claim did not provide adequate notice to Imperial that it must participate in the confirmation hearing or risk losing its lien. The Debtors did not counter the valuation evidence offered by Imperial, and the bankruptcy court allowed the claim in full. The district court affirmed, and the Debtors now appeal.

On appeal, the Debtors argue that the bankruptcy court erred in failing to give res judicata effect to the plan confirmation hearing. The Debtors contend that their filing of a plan that reduced the value of the auto below that claimed by Imperial gave the lender sufficient advance notice

of the necessity to participate in the plan confirmation hearing by filing a timely objection to confirmation.

While we are not unsympathetic to the Debtors' arguments, we are convinced, under the specific facts of this case, that the bankruptcy court did not abuse its discretion or err legally in allowing Imperial to litigate the value of its claim at the May 3, 1994 hearing. Debtors' objection to Imperial's claim was not filed until it was too late for Imperial to object to the plan confirmation under the local rules. While the bankruptcy court could have waived the seven day requirement and allowed Imperial to participate in the April 6, 1994 confirmation hearing, it strictly applied the local rules and did not allow Imperial to participate. Given that Imperial was not allowed to participate in the confirmation process, the bankruptcy court correctly allowed Imperial later to litigate the Debtors' objection to Imperial's claim. *See Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657 (1950). Although the bankruptcy court's orders do not represent the only means to assure a secured creditor its day in court in Chapter 13 cases, they accomplished that objective here and do not conflict with the court's decisions in *In re Howard*, 972 F.2d 639 (5th Cir. 1992), or *In re Simmons*, 765 F.2d 547 (5th Cir. 1985).

Accordingly, we AFFIRM the judgment of the district court.