IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-40008
_____


In the Matter of: DUDLEY DAVIS TAYLOR,

                                    Debtor.

------------


INTERNAL REVENUE SERVICE,

                                    Appellant,

v.

DUDLEY DAVIS TAYLOR,

                                    Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
_____

January 6, 1998

Before KING and JONES, Circuit Judges, and WERLEIN,* District
Judge.

KING, Circuit Judge:

     The Internal Revenue Service appeals the bankruptcy court's

declaratory judgment that it is barred from proceeding against

Dudley Davis Taylor by the res judicata effect of his confirmed

Chapter 11 plan of reorganization, which purported to fix his

liability for a 26 U.S.C. § 6672 penalty at zero.  The district

court affirmed the judgment of the bankruptcy court.  We reverse.

_____

     * District Judge of the Southern District of Texas, sitting
by designation.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In August 1993, appellee Dudley Davis Taylor filed for Chapter 11 bankruptcy. He had been the president and manager of Marshall Mill and Elevator Co., Inc. (Marshall Mill). Marshall Mill filed for Chapter 11 bankruptcy in 1992, and that proceeding was converted to a Chapter 7 liquidation in 1993. Marshall Mill withheld income and social security taxes from its employees, but failed to remit the monies to the Internal Revenue Service (IRS). As a responsible person, Taylor is liable under § 6672 of the Internal Revenue Code for a penalty in the amount of those taxes that Marshall Mill failed to pay. See 26 U.S.C. § 6672.

In Taylor's petition for bankruptcy, his schedules included the IRS as a potential creditor with an "unassessed potential 941 penalty--unpaid corporate taxes" claim[1] estimated at $80,000, which was characterized as contingent, unliquidated, and disputed. Additionally, the petition schedules noted that Taylor had a significant position at Marshall Mill without being specific as to the precise nature of the position.

In December 1993, Taylor filed a disclosure statement and a proposed plan of reorganization. The plan defined the relevant

---

[1]  Under 26 U.S.C. §§ 3111, 3402, an employer is required to withhold income and FICA taxes from the wages of its employees and pay them over to the IRS. In his brief, Taylor misidentifies this duty as arising from 26 U.S.C. § 941, which has been repealed and never referred to this duty in any way. See 26 U.S.C.A. § 941 historical and statutory notes (West 1988 & Supp. 1997). Taylor's 941 reference therefore must refer to the form that an employer uses to report these withholding taxes to the IRS. See 26 C.F.R. § 31.6011(a)-(4)(a)(1) (1997) (requiring withholding taxes to be reported on Form 941).

class of claims as "[a]ll claims entitled to priority of payment in accordance with 11 U.S.C. § 507 including: . . . [a]ny claim for taxes or penalties owed to the Internal Revenue Service, including but not limited to penalties under 26 U.S.C. § 6672." The plan proposed that this class be treated as follows: "Pursuant to 11 U.S.C. § 505, Debtor is not indebted for any claims in this class. All such claims, whether or not now asserted, are discharged without receiving payment." The disclosure statement contained nearly identical provisions, estimated the amount of prepetition tax claims to be "$0," and identified Taylor's position at Marshall Mill. However, it did not mention Marshall Mill's withholding tax liabilities. The disclosure statement also described this class of claims, which included the IRS liability, as unimpaired.

On January 6, 1994, the IRS filed a proof of claim in the bankruptcy proceeding for unpaid personal income taxes for 1992 to which Taylor objected. After an audit of Taylor's return, the IRS subsequently withdrew the claim on February 3, 1994 and asserted no other claims in Taylor's bankruptcy proceeding.

On February 22, 1994, the bankruptcy court approved Taylor's disclosure statement, and in April 1994, the bankruptcy court confirmed his proposed Chapter 11 plan (the Plan). The IRS did receive a copy of the Plan, but it did not participate in the confirmation hearing. The IRS has not at any time appealed the confirmation of the Plan.

On May 25, 1994, the IRS notified Taylor that a § 6672 penalty of $96,251.15 would be assessed against him based upon Marshall Mill's failure to pay over withholding taxes to the government. On October 13, 1994, Taylor initiated the current proceeding in the bankruptcy court seeking a declaratory judgment that he was not indebted to the government for the Marshall Mill § 6672 penalty. The bankruptcy court resolved the dispute on cross-motions for summary judgment and held that the IRS could not proceed against Taylor for the Marshall Mill § 6672 penalty. The IRS appealed to the district court, which affirmed the bankruptcy court's judgment. The IRS appeals.

## II. STANDARD OF REVIEW

The facts in this case are undisputed, leaving only questions of law to be resolved, which we review de novo. See Heartland Fed. Sav. & Loan Ass'n v. Briscoe Enters., Ltd., II (In re Briscoe Enters., Ltd., II), 994 F.2d 1160, 1163 (5th Cir. 1993).

## III. DISCUSSION

Taylor argues that the principles of res judicata and estoppel bar the IRS from proceeding against him to collect the Marshall Mill § 6672 penalty. The bankruptcy and district courts ruled that the IRS was barred by the res judicata effect of the confirmation of the Plan, which purports to determine that the

4

§ 6672 liability is zero.[2]  We disagree and find that the IRS is not barred by either principle.

## A.   Res Judicata

Taylor argues that the bankruptcy court has the authority to determine the amount of a tax or tax penalty of a debtor under 11 U.S.C. § 505.  Relying upon this authority and on his references to it and to a § 6672 penalty in his Plan, Taylor urges this court to apply Republic Supply Co. v. Shoaf, 815 F.2d 1046 (5th Cir. 1987), in order to affirm the judgments of the bankruptcy and district courts, which gave res judicata effect to the Plan and thus barred the IRS from proceeding against Taylor to collect the Marshall Mill § 6672 penalty.  In Taylor's view, the IRS's filing of a claim for income tax and its subsequent withdrawal, the Plan's recitation invoking § 505, the Plan's reference to § 6672 liability, and his listing of the debt in his petition schedules demonstrate that the bankruptcy court dealt with the debt, and therefore, the Plan confirmation is binding on the IRS.

In Shoaf, we gave res judicata effect to a confirmed plan that released a third-party guarantor on one of the debtor's

---

[2] The bankruptcy court opinion arguably rests upon two alternative grounds: (1) the debt was discharged by the Plan or (2) the debt was determined by the Plan to be zero.  Taylor concedes that the Plan could not discharge the debt and that any discharge by the Plan would be invalid and unenforceable.  The district court interpreted the bankruptcy court's decision as resting only upon the second ground, and Taylor only argues that the bankruptcy court's decision rests upon the second ground. Because the only question resolved below that is in dispute is whether the Plan determined the debt to be zero and is res judicata in regards to the amount of the debt, we will discuss the case only in that context.

5

debts.  Id. at 1048.  The release was a condition of a settlement between the creditors, including the creditor on the guaranteed debt, and the deceased debtor's widow designed to persuade her to release life insurance proceeds to the estate.  Additional consideration for the release included the guarantor dismissing with prejudice a separate, related legal action.  Id.  At a hearing to amend the plan, the creditor on the guaranteed debt objected to the inclusion of the release in the plan, and the bankruptcy court responded that the creditor's proper course of action would be to object to the confirmation of the plan.  Id. at 1048-49.  At a subsequent hearing, the plan was confirmed without objection, and the bankruptcy court's order of confirmation included express language noting the release of the guarantor.  No appeal ensued.  Id. at 1049.  Despite the fact that the Bankruptcy Code's prohibition against the release of liability of a third party found in § 524 might have led to a different result on direct appeal, this court found that the confirmed plan barred the nonobjecting creditor from proceeding against the third-party guarantor.  Id. at 1048-51; see also 11 U.S.C. § 524(e).

In Sun Finance Co. v. Howard (In re Howard), 972 F.2d 639, 641 (5th Cir. 1992), this court acknowledged that Shoaf presented the general rule that a confirmed plan was res judicata on the validity of a plan provision.  However, Howard recognized that our previous decision, Simmons v. Savell (In re Simmons), 765 F.2d 547 (5th Cir. 1985), represented a limited exception to that

6

general rule that reflected the competing concerns expressed in the Bankruptcy Code.  Howard, 972 F.2d at 641.

In Simmons, the debtor listed a secured debt as unsecured in his proposed plan even after the creditor had filed a proof of claim indicating his secured status.  765 F.2d at 549.  The plan was confirmed without objection, but the creditor had noted his objection to the listing of his debt as unsecured on the form for acceptance of the plan.  Id.  The debtor then attempted to use the confirmed plan as res judicata to force the creditor to cancel his otherwise valid lien.  Id. at 550.  We held that the lien remained valid.  Id. at 559.

In reaching our conclusion in Simmons, this court considered the purpose of the proof-of-claim process and the Bankruptcy Code's treatment of a secured creditor.  An objection to a proof of claim serves to initiate a contested matter and thereby serves the purpose of putting the parties on notice that litigation is required to resolve the objection and to make a final determination on the allowance or disallowance of the claim.  Id. at 552.  Congress intended that a secured creditor could preserve his lien without participating in the bankruptcy proceeding by the protections it offers the secured creditor in §§ 502 and 506 of the Bankruptcy Code.  Id. at 551-52, 558-59 (discussing 11 U.S.C. §§ 502(a) and 506(d) and In re Tarnow, 749 F.2d 464 (7th Cir. 1984), which noted that the 1984 amendment to § 506(d) codified the rule that a secured creditor can preserve his lien without participating in the bankruptcy proceeding); see also 11

7

U.S.C. §§ 502, 506. Once a proof of claim is filed, the debt is considered allowed unless the debtor or another party in interest files an objection to the proof of claim. Id. at 559.

The Simmons opinion considered whether the confirmed plan could substitute for an objection to a secured claim. Unlike an objection to a proof of claim, the filing of a plan does not generally initiate a contested matter with respect to a particular claim, and when a plan is filed with a petition (as is the case in Chapter 13), creditors may not have even contemplated filing proofs of claims. Id. at 552. In deciding that the plan could not substitute for an objection to the secured claim at issue, this court stated that

> given the differences in purpose and effect of filing a plan and lodging an objection, Simmons' filing of the plan did not clearly place the claim in issue. The plan is like a proof of claim to which objections are filed, thereby instituting contested matters, rather than a vehicle through which objections are made. . . . The Code and the Rules do not envision the use of a Plan as a means for objecting to proofs of claims. Consequently, we hold that Simmons' plan did not constitute an objection to Savell's proof of secured claim.

Id. at 553 (emphasis added).

We have built upon Simmons in Howard and Boyle Mortgage Co. v. Cook (In re Cook), No. 93-7459 (5th Cir. June 2, 1994) (unpublished), both of which also involved secured claims.[3] In Howard, a secured creditor filed a proof of claim to which the debtor did not object, and the plan, which purported to

---

[3] "Unpublished opinions issued before January 1, 1996, are precedent." 5TH CIR. R. 47.5.3.

compromise the claim, was confirmed without objection. 972 F.2d at 640. The Howard court found that the secured creditor was entitled to the protection of the proof-of-claim process and that his claim could not be compromised by the confirmed plan unless an objection was filed to put him on notice that his claim was at risk. Id. at 641-42. Otherwise, the right to stay outside the bankruptcy and rely upon one's lien would be meaningless because the confirmation of the plan alone could compromise one's secured debt. Id. at 641.

In Cook, a debtor attempted to raise a confirmed plan as a shield to limit recovery on a lien to the amount stated in the plan where no proof of claim was filed. No. 93-7459, slip op. at 2. The Cook court found that "collapsing the secured creditor's ability to object to the plan into his right to preserve his lien intact absent an objection to his claim . . . effectively render[s] the claims objection process meaningless." Id. at 3-4. Therefore, the court allowed the creditor to maintain his lien without being limited by the confirmed plan.

The same policies that weigh against a debtor relying upon a confirmed plan of reorganization to compromise a secured debt weigh in with equal force in the context of a § 6672 tax penalty. First and most important, the IRS has the option to remain outside the bankruptcy proceeding and preserve a debt for a § 6672 penalty without filing a claim in Chapter 11. This option lies in §§ 1141 and 523 of the Bankruptcy Code. Section 1141(d)(2) saves debts excepted from discharge in § 523 from the

9

general discharge of all pre-existing debts given to the debtor by § 1141(d)(1).  See 11 U.S.C. § 1141(d).  The debts excepted from discharge by § 523 include taxes described in § 507(a)(8)[4] "whether or not a claim for such tax was filed or allowed."  Id. § 523(a)(1)(A).  Section 507(a)(8)(C) describes "a tax required to be collected or withheld and for which the debtor is liable in whatever capacity."  Id. § 507(a)(8)(C).  The responsible person penalty of § 6672 for withholding taxes falls within § 507(a)(8)(C).  See In re Vaglica, 112 B.R. 17, 18 (Bankr. E.D. Tex. 1990).  Therefore, the Marshall Mill § 6672 penalty would normally survive bankruptcy even if no proof of claim was filed. Accord Fein v. United States, 22 F.3d 631, 633 (5th Cir. 1994) ("'[L]ike any other holder of nondischargeable debt, the IRS is also free to pursue the debtor outside bankruptcy.'" (quoting Grynberg v. United States (In re Grynberg), 986 F.2d 367, 370 (10th Cir. 1993))).

Second, the normal procedure to determine the amount of a tax debt is for the debtor (or the IRS) to file a motion requesting that the bankruptcy court make the determination under 11 U.S.C. § 505.  In re Horton, 95 B.R. 436, 440 (Bankr. N.D. Tex. 1989) (determining a § 6672 liability pursuant to § 505); 15 COLLIER ON BANKRUPTCY ¶ TX5.04[2][b], at TX5-29 (Myron M. Sheinfeld et al. eds., 15th ed. rev. 1997).  Section 505 authorizes the

---

[4] After Taylor's Plan was confirmed, the Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, tit. III, sec. 304(c), 108 Stat. 4112, 4142, renumbered the subsections of § 507 and references thereto without changing the relevant language. Therefore, all references are to the current Code.

court to determine "the amount or legality of any tax . . . whether or not previously assessed."  11 U.S.C. § 505(a)(1). This determination should be made under Rule 9014, which governs contested matters, because it does not fall within adversary proceedings as delineated by Rule 7001.   See Whelan v. United States (In re Whelan), 213 B.R. 310, 313 (Bankr. W.D. La. 1997); Horton, 95 B.R. at 442 n.11; 15 COLLIER ON BANKRUPTCY, supra, ¶ TX5.04[2][b], at TX5-29.  Compare FED. R. BANKR. P. 9014 with FED. R. BANKR. P. 7001.  Under Rule 9014, "relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought."  FED. R. BANKR. P. 9014.  The motion should state with particularity the grounds and the relief desired.  FED. R. BANKR. P. 9013.  Alternatively, the debtor can file a proof of claim on behalf of the IRS and object to it, in order to dispute the § 6672 penalty.  See 11 U.S.C. § 501(c); United States v. Kolstad (In re Kolstad), 928 F.2d 171, 173 (5th Cir. 1991); 15 COLLIER ON BANKRUPTCY, supra, ¶ TX5.03[1].

The Simmons line of cases has held that, in the context of a secured claim, a confirmed plan does not substitute for an objection to a proof of claim.  See Cook, No. 93-7459, slip op. at 5-6; Howard, 972 F.2d at 642; Simmons, 765 F.2d at 553. Filing a § 505 motion institutes a contested matter which puts the parties on notice that litigation is required to resolve a dispute as to the amount of the debt, which, as we held in Simmons, the filing of a plan does not do in relation to a

11

particular debt.  See 765 F.2d at 553 (noting that a "plan is like a proof of claim to which objections are filed, thereby instituting contested matters, rather than a vehicle through which objections are made").  Similarly, the confirmation of a plan does not substitute for a § 505 motion any more than it substitutes for an objection to a proof of claim.  Accord United States v. Gurwitch (In re Gurwitch), 794 F.2d 584, 585 (11th Cir. 1986) ("The Bankruptcy Code makes clear under 11 U.S.C. § 1141(d)(2) that the confirmation of a plan of reorganization does not fix tax liabilities made nondischargeable under 11 U.S.C. § 523." (footnote omitted)), quoted in Fein, 22 F.3d at 633.

Taylor failed to invoke the power of the bankruptcy court to determine the amount of the Marshall Mill § 6672 penalty.  He did not file a proof of claim on behalf of the IRS or file a motion under § 505, one of which is necessary to compromise a nondischargeable debt.  Taylor's listing of the debt in his schedules, disclosure statement, and Plan along with the recitation "Pursuant to § 505" did not invoke in any way the tax determination process.  This mere recitation of the authority of § 505 does not make a plan confirmation hearing something that it is not; following the Simmons line of cases, we require an objection to a proof of claim or a § 505 motion to determine the amount of a tax debt.  This burden is minor and no greater than the filing of a tax return required of all taxpayers.  Therefore, Taylor's Plan is not res judicata as to the amount of his

12

liability on the Marshall Mill § 6672 penalty, and the IRS is not barred from proceeding against him to collect that penalty.

Taylor's reliance upon the fact that the IRS filed a proof of claim for income taxes as support for his claim that res judicata should apply is misplaced. The § 6672 penalty is a completely separate debt and a separate type of tax which is not determined by the consideration of an income tax proof of claim. Cf. Grynberg, 986 F.2d at 371-72 (holding that the IRS's full participation in the bankruptcy proceeding in relation to an income tax debt did not bar it from collecting a gift tax debt that had also been listed in the debtor's schedules where the IRS did not file a proof of claim and the debtor did not force the IRS into the proceeding on the gift tax debt). Therefore, the tax determination process was not invoked by the IRS filing an income tax proof of claim and Taylor's subsequent objection to it.

Taylor also attempts to deal with his failure to invoke properly the tax determination process by arguing that it is merely a procedural defect that the IRS waived by failing to object in the bankruptcy proceeding. To so hold would make the ability of the IRS to remain outside bankruptcy as a tax debt creditor as meaningless as if we applied res judicata. The IRS's ability to remain outside the bankruptcy proceeding is a product of Congress's policy decision to elevate the goal of revenue collection above the debtor's interest in a fresh start after bankruptcy. See Fein, 22 F.3d at 633 ("Congress consciously

13

opted to place a higher priority on revenue collection than on debtor rehabilitation or ensuring a 'fresh start.'").  The responsibility for Taylor's predicament lies only with Taylor and his counsel because they could have chosen to bring the IRS into the bankruptcy proceeding by the proof-of-claim process or through a § 505 motion, which allows the debtor to attenuate the potential harshness of the congressional policy decision to place revenue collection above the debtor's fresh start.[5]

We do not hold that a bankruptcy court must have distinct proceedings in order to determine a tax debt or that the court cannot combine a § 505 hearing and a plan confirmation hearing or address a tax debt in another manner.  See Cook, No. 93-7459, slip op. at 5 (noting that a combined hearing would be acceptable and that surely creative bankruptcy courts have properly used

---

[5] Taylor would lead us to believe that he did everything he could to let the IRS realize that the Marshall Mill § 6672 penalty would be dealt with by his bankruptcy, but the schedules that accompanied his bankruptcy petition show something else.  He failed to list Marshall Mill as a codebtor or indicate the existence of a codebtor on the tax debt, but he did list Marshall Mill as a codebtor on three other claims, including a Texas sales tax debt.  Additionally, in his disclosure statement he listed the class of claims that included the § 6672 penalty as unimpaired, which, while technically correct if the tax debt had been determined to be zero, was inconsistent with the language of discharge in the treatment of the class of claims.  As discussed in the text, Taylor had the ability to deal with the tax debt in his bankruptcy proceeding, but these facts, while not at all dispositive, suggest along with the rest of the proceedings that the goal of Taylor and his counsel has been to avoid Taylor's liability on this tax debt through artful draftsmanship rather than to determine its amount.

This proceeding may have been costly to the estate and to the creditor involved, the IRS.  The bankruptcy court should consider whether Taylor's counsel should bear some of the expense for this unfortunate maneuver.

14

other methods to efficiently deal with the issues before the court).  Rather, we hold that the confirmation of a plan does not itself invoke the tax determination process.

**B.  Estoppel**

Taylor alternatively argues that the IRS should be estopped from collecting on the debt because he relied upon the IRS's failure to file a claim in binding himself to the Plan.  In order to establish estoppel against the government in this circuit, a party must prove affirmative misconduct by the government as well as the four traditional elements of estoppel.  United States v. Bloom, 112 F.3d 200, 205 (5th Cir. 1997).  The traditional elements of estoppel are "(1) that the party to be estopped was aware of the facts, and (2) intended his act or omission to be acted upon; (3) that the party asserting estoppel did not have knowledge of the facts, and (4) reasonably relied on the conduct of the other to his substantial injury."  Id.

Taylor relies upon In re La Difference Restaurant, Inc., 29 B.R. 178, 181 n.4, 181-83 (Bankr. S.D.N.Y. 1983), where estoppel was applied to the IRS in the bankruptcy context using a standard different from this circuit's.  In La Difference Restaurant, the IRS negotiated a stipulation to the amount of a tax debt upon which the debtor relied in arranging his reorganization plan, and the feasibility of the debtor's plan hinged upon this stipulation.  Id. at 179-80.[6]

---

[6] Similar facts led the Tenth Circuit not to apply estoppel to the IRS using the same affirmative misconduct standard that this circuit uses.  Depaolo v. United States (In re Depaolo), 45

In Taylor's bankruptcy, the IRS stood outside the bankruptcy proceeding and did not participate, unlike in La Difference Restaurant where the IRS stipulated to the amount of the tax liability upon which the plan's feasibility hinged. Taylor does not point to any affirmative government misconduct in this case, and Taylor did not reasonably rely upon any government representation that the IRS would not seek to enforce its claim because a reasonable debtor should expect the IRS to enforce nondischargeable taxes. Fein, 22 F.3d at 634; see also Depaolo v. United States (In re Depaolo), 45 F.3d 373, 377 (10th Cir. 1995); Gurwitch, 794 F.2d at 586. The only affirmative misconduct apparent in the record is that of Taylor's counsel in pursuing this surreptitious path in attempting to dispose of Taylor's § 6672 liability. Therefore, estoppel does not lie against the IRS to bar it from proceeding against Taylor to collect on the Marshall Mill § 6672 penalty. Additionally, to apply estoppel in this case would be inconsistent with the policies discussed above that allow the IRS to choose to remain outside a bankruptcy proceeding.

## IV. CONCLUSION

For the foregoing reasons, we REVERSE the judgment of the district court and REMAND the case to the district court for remand to the bankruptcy court for entry of judgment that the IRS

---

F.3d 373, 377 (10th Cir. 1995) (finding no estoppel where the IRS had stipulated to the amount of taxes and later assessed additional tax amounts).

16

may proceed against Taylor to collect the Marshall Mill § 6672 penalty.  Costs shall be borne by Taylor.