IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 2, 2008

Charles R. Fulbruge III
Clerk

No. 07-10828
Summary Calendar

In The Matter Of: CHARLES R HOSACK

                                                            Debtor

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES R HOSACK

                                                            Appellant

v.

INTERNAL REVENUE SERVICE

                                                            Appellee

Appeal from the United States District Court
for the Northern District of Texas, Dallas
USDC No. 3:06-CV-1643

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Debtor-appellant Charles R. Hosack appeals the district court's order
affirming the bankruptcy court's grant of summary judgment in favor of the
Internal Revenue Service, arguing that the alleged income tax deficiencies and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

penalties for the years 1994 through 1998 were discharged in his Chapter 7 bankruptcy case. We affirm the order of the district court affirming the order of the bankruptcy court holding that the income tax deficiencies were excepted from Chapter 7 discharge; we remand the case to the bankruptcy court to determine whether the proposed tax penalties were nondischargeable.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In or prior to 1999, the Internal Revenue Service (the "IRS") had no record that debtor-appellant Charles R. Hosack, a self-employed attorney, had timely filed his tax returns for tax years 1994 through 1998. As such, the IRS sent Hosack a letter on April 24, 1999, requesting that he provide records respecting his income for those years. On June 3, 1999, the IRS also asked Hosack to bring copies of the "delinquent tax returns" to a June 25, 1999, meeting. Hosack failed to produce copies of the returns at the meeting, and the IRS filed substitute returns under 26 U.S.C. § 6020(b)[1] for all the years in question.[2] Hosack avers that he filed good faith returns for tax years 1994 through 1998 on June 19, 1999. Because the IRS believed that Hosack's belated returns significantly under-reported his income, it proceeded with its examination to determine his income for the subject tax years.

Almost three years later, on June 12, 2002, the IRS issued Hosack a Notice of Deficiency for the 1994 through 1998 tax years.[3] On September 9, 2002, pursuant to § 6213(a), Hosack timely petitioned the tax court for

---

[1] When a taxpayer fails to make a timely return, § 6020(b) authorizes the Secretary of the Treasury to execute a substitute return "from his own knowledge and from such information as he can obtain through testimony or otherwise."

[2] On June 7, 1999, the IRS posted substitute returns for tax years 1994, 1995, and 1996. Later that month, on June 29, 1999, the IRS filed substitute returns for the remaining tax years, 1997 and 1998.

[3] The Notice of Deficiency included both income tax deficiencies and tax penalties for the subject tax years.

redetermination of the income tax deficiencies proposed in the Notice of Deficiency. Thereafter, a trial was scheduled in the tax court for December 14, 2004. On December 13, 2004, Hosack filed a Chapter 7 bankruptcy petition, which stayed the tax court proceedings. The IRS did not file a proof of claim in the 2004 bankruptcy case or otherwise participate in it. The 2004 bankruptcy case concluded in the spring of 2005, when the bankruptcy court determined it was a no-asset case and ordered a general discharge. Thereafter, proceedings resumed in Hosack's tax court case.

On March 1, 2006, Hosack filed an adversary complaint seeking a determination from the bankruptcy court that the 1994 through 1998 income tax deficiencies and concomitant penalties had been discharged in the 2004 bankruptcy case.[4] The IRS moved for summary judgment on the ground that Hosack's federal income taxes for the subject years were excepted from the general discharge order under applicable provisions of the Bankruptcy Code. The IRS failed to discuss whether the tax penalties were also excepted from discharge. In response, Hosack argued that the income tax deficiencies and penalties were not excepted from discharge because they were for tax years more than three years prior to the filing of the 2004 bankruptcy case. He also argued that, because the IRS did not file a claim in his 2004 bankruptcy case, any such claim was waived.

Following a hearing, the bankruptcy court entered summary judgment for the IRS. The bankruptcy court held that 11 U.S.C. §§ 523(a)(1)(A), 507(a)(8)(A)(iii), and 523(c), read together with relevant provisions of the Internal Revenue Code (the "IRC"), defined the 1994 through 1998 income tax deficiencies as not assessed but still assessable on the petition date of the 2004

---

[4] The bankruptcy court issued an order on June 9, 2006, clarifying that the automatic stay under 11 U.S.C. § 362 was inapplicable in the reopened case. Subsequently, the tax court dismissed Hosack's petition for lack of prosecution.

bankruptcy case. Thus, the bankruptcy court ruled that, as a matter of law, the subject income tax deficiencies were excepted from the discharge order granted in that case.[5] The bankruptcy court did not reach the issues whether Hosack had filed a return for his 1998 tax year and whether the returns he filed in 1999 were valid returns. And the bankruptcy court did not address whether the tax penalties were nondischargeable.

Hosack appealed the bankruptcy court's decision to the district court, arguing that: (1) nine unresolved fact issues precluded summary judgment; (2) the income tax deficiencies were not entitled to priority status because all three sub-parts of § 507(a)(8)(A) had not been met and the limitations period for assessing the taxes under the IRC had expired; (3) the IRS was barred from challenging the discharge because it had not filed a claim in the 2004 bankruptcy case; and (4) the bankruptcy court had been biased against him. The district court affirmed the bankruptcy court's decision. It held that the three sub-parts of § 507(a)(8)(A) provide independent grounds for exception from discharge, and thus that § 507(a)(8)(A)(iii), which excepts from discharge claims for unpaid income taxes that were still "assessable . . . after [ ] the commencement of the case," applied to Hosack's income tax deficiencies. The district court further found that the deficiencies were still assessable because the limitations period on assessment had been tolled by Hosack's tax court petition. The district court also concluded that the IRS was not required to participate in the bankruptcy litigation and that there were no material issues of fact left unresolved. And because Hosack failed to point to facts suggesting personal bias or showing that he was denied a fair opportunity to present his case, the district

---

[5] The bankruptcy court also ruled that the income tax deficiencies had not been discharged in Hosack's 1999 bankruptcy case, which was voluntarily dismissed without a discharge. As Hosack does not present any arguments regarding this ruling on appeal, we need not address it.

court rejected Hosack's assertion that the bankruptcy court was biased against him.

Hosack moved for a new trial under Federal Rule of Civil Procedure 59(a). The district court denied the motion. Hosack then moved for a stay pending appeal, which was also denied. Thereafter, Hosack filed a timely appeal to this court.

## II. STANDARD OF REVIEW

"We review the grant of summary judgment de novo, applying the same standards as the trial court." In re CPDC, Inc., 337 F.3d 436, 441 (5th Cir. 2003). Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. If the moving party meets its burden, the non-movant must designate specific facts showing there is a genuine issue for trial. Id.

## III. DISCUSSION

Hosack admits that the IRS had not assessed the income tax deficiencies when he filed his petition in the 2004 bankruptcy case. Nonetheless, he contends that the tax deficiencies were not assessable at that time because the three-year statute of limitations for assessment had run. Thus, according to Hosack, the lower courts' erred in concluding that these "very old" income tax deficiencies were excepted from discharge under 11 U.S.C. § 507(a)(8)(A)(iii). We disagree.

To begin, a debtor under Chapter 7 of the Bankruptcy Code is generally granted a discharge of all debts that arose before the filing of the bankruptcy petition "[e]xcept as provided in section 523 of this title." 11 U.S.C. § 727(b).[6]

---

[6] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-8, 119 Stat. 23 (codified as amended in scattered sections of 11 U.S.C.), governs in cases filed on or after October 17, 2005. As the district court and bankruptcy court both recognized, since this reopened case was originally filed in 2004, pre-BAPCPA law

Section 523(a) provides in relevant part that "[a] discharge under section 727 . . . of this title does not discharge an individual debtor from any debt [ ] for a tax . . . of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed." § 523(a)(1)(A) (emphasis added). Section 507(a)(8) in turn grants priority status to unsecured claims of governmental units, inasmuch as the claims are for

> (A) a tax on or measured by income or gross receipts—
>
>> (i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;
>>
>> (ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition; or
>>
>> (iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case[.]

§ 507(a)(8)(A) (emphasis added). Thus, pertinent to this matter, a Chapter 7 discharge does not serve to discharge a debtor from liability for delinquent income tax that was unassessed at the time the debtor filed for bankruptcy but still assessable by law, regardless of whether the IRS filed a claim in the debtor's bankruptcy case.

"The 'assessment[]' [of a tax is] essentially a bookkeeping notation, [and] is made when the Secretary or his delegate establishes an account against the taxpayer on the tax rolls." Laing v. United States, 423 U.S. 161, 170 n.13 (1976)

---

governs.

(citing 26 U.S.C. § 6203). Income taxes must normally be assessed within three years after the return is filed, see 26 U.S.C. § 6501(a),[7] although the tax may be assessed at any time if no return is filed, see § 6501(c)(3).[8] When the IRS determines a tax deficiency, as in this case, it may not assess the deficiency before sending the taxpayer a notice of deficiency. § 6213(a); see also § 6212(a) (authorizing the Secretary of the Treasury, after determining that there is a deficiency, to send a notice of deficiency to the taxpayer by mail). Within ninety days after the IRS mails a taxpayer a notice of deficiency, "the taxpayer may file a petition with the Tax Court for redetermination of the deficiency." § 6213(a). "No assesment of a deficiency . . . shall be made . . . until the expiration of such 90-day [ ] period . . . nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final." Id. Thus, the mailing of a notice of deficiency tolls the running of the three-year limitations period in § 6501 "for the period during which the Secretary is prohibited from making the assessment . . . and for 60 days thereafter." § 6503(a)(1); see Payne v. Comm'r, 224 F.3d 415,

---

[7] Section 6501(a) provides:

> (a) General rule.—Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period. For purposes of this chapter, the term "return" means the return required to be filed by the taxpayer (and does not include a return of any person from whom the taxpayer has received an item of income, gain, loss, deduction, or credit).

26 U.S.C. § 6501(a) (emphasis added).

[8] Section 6501(c)(3) establishes an "Exception[]" to the "General rule," stating: "In the case of failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such may be begun without assessment at any time." § 6501(c)(3).

416 (5th Cir. 2000) (stating that a notice of deficiency is "an event that tolls the statute of limitations pending assessment"); Kindred v. Comm'r, 454 F.3d 688, 690 n.4 (7th Cir. 2006).

In this case, assuming that Hosack filed valid returns on June 19, 1999, for tax years 1994 through 1998, the IRS had three years from that date in which to assess Hosack's income taxes for those years.[9] See § 6501(a). Although it is undisputed that the IRS did not assess his income taxes within three years of this date, the IRS did issue a notice of deficiency with respect to all subject tax years on June 12, 2002, a week before the limitations period ran on June 19, 2002. This notice of deficiency served to suspend the statute of limitations on assessment of Hosack's taxes. See § 6503(a)(1). And thereafter, by petitioning the tax court for a redetermination of the proposed deficiencies for 1994 through 1998, Hosack precluded the IRS from assessing his tax deficiencies for those years, and as such further tolled the statute of limitations on assessment until the decision of the tax court became final. See §§ 6213(a), 6503(a)(1). It was while this tax court case was still pending that Hosack filed his 2004 bankruptcy case on December 13, 2004. Consequently, at the commencement of Hosack's 2004 bankruptcy case, the statute of limitations was still suspended and Hosack's 1994 through 1998 income tax deficiencies had not been assessed but were still assessable. Accordingly, we agree with both the bankruptcy court and district court that under 11 U.S.C. §§ 523(a)(1)(A) and 507(a)(8)(A)(iii), Hosack's income tax deficiencies were outside the scope of a discharge under § 727.

Hosack further argues that his income tax deficiencies could not have been excepted from discharge under § 507(a)(8)(A) because they do not satisfy the requirements of subsections (i) and (ii). Essentially, Hosack argues, without

---

[9] We look to the date that Hosack belatedly filed his returns and not the date that the IRS issued its substitute returns under § 6020(b) because execution of a return under that section does not start the running of the period of limitations on assessment and collection. See § 6501(b)(3).

citing any case-law, that the subsections of § 507(a)(8)(A) must be read conjunctively in granting priority status to unpaid tax claims. Hosack's argument goes against the plain meaning of the statute. As the courts below recognized, § 507(a)(8)(A) is structured disjunctively; it accords priority status to unpaid federal income taxes if the liabilities are: (i) less than three years old; (ii) assessed within 240 days before the commencement of the bankruptcy case; or (iii) still assessable at the time the bankruptcy petition is filed.[10] § 507(a)(8)(A); see, e.g., In re Fein, 22 F.3d 631, 632–33 (5th Cir. 1994) (concluding that debtor's tax liabilities were not discharged because they had not been assessed but were still assessable and thus entitled to priority under § 507(a)(7)(A)(iii), re-codified as § 507(a)(8)(A)(iii)); In re Wood, 78 B.R. 316, 319 (Bankr. M.D. Fla. 1987) (explaining that § 507(a)(7)(A), predecessor to § 507(a)(8)(A), is disjunctive and classifies a claim for unpaid income tax as a priority claim "on three alternative grounds"). In short, regardless whether the income tax deficiencies meet the requirements in subsections (i) or (ii) of § 507(a)(8)(A), they are excepted from discharge because of their priority status under subsection (iii).

Hosack also argues that the income tax deficiencies "lost any priority status" they may have had when the IRS failed to file a proof of claim or otherwise participate in the 2004 bankruptcy case. Hosack's argument is unpersuasive in light of the clear language of the Bankruptcy Code. Specifically, § 523(a)(1)(A) provides that a tax of the type described in § 507(a)(8) is excepted from discharge "whether or not a claim for such tax was filed or allowed." § 523(a)(1)(A) (emphasis added); see In re Taylor, 132 F.3d 256, 261–62 (5th Cir. 1998) (providing that although the IRS may choose to remain outside of

---

[10] In fact, it is not possible for the same tax liabilities to meet the requirements of § 507(a)(8)(A)(ii) (assessed within 240-day period prior to filing the bankruptcy petition) and § 507(a)(8)(A)(iii) (not assessed but assessable on date of bankruptcy petition).

bankruptcy proceedings, the tax debts described in § 507(a)(8) will be preserved under § 523). Moreover, § 523(c)(1) permits the discharge of debts "specified in paragraph (2), (4), (6), or (15) of subsection (a) . . . unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6), or (15) as the case may be, of subsection (a)." (Emphasis added). By negative implication, because the debts specified in § 523(a)(1) are not among those listed in § 523(c)(1), a creditor is not required to take action for such a claim to be excepted from discharge. Consequently, the courts below correctly concluded that the IRS was not required to participate in the 2004 bankruptcy case for its tax claims to be excepted from discharge.

Hosack also points to unresolved fact issues that allegedly preclude the entry of summary judgment. For example, Hosack asserts that he was not, as the IRS portrayed him, a specialist in tax and bankruptcy law and further that his 1999 bankruptcy case "was in no way connected with this case." Federal Rule of Civil Procedure 56(c) provides that summary judgment should be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c) (emphasis added). An issue is "material" if it involves a fact that might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We are unconvinced that any of the allegedly unresolved facts cited by Hosack, viewed in the light most favorable to him, would change the outcome of this case. Thus, Hosack's argument is unavailing.[11]

---

[11] Because we agree with the lower courts that Hosack's unassessed income tax deficiencies were still assessable at the commencement of the 2004 bankruptcy case and thus excepted from discharge, we need not reach the IRS's proposed alternative ground for affirmance, namely, that Hosack's income tax deficiencies were excepted from discharge under § 523(a)(1)(B) because the returns he filed in 1999 did not constitute "an honest and reasonable

Finally, Hosack contends that the proposed tax penalties were dischargeable under § 523(a)(7). Specifically, Hosack argues that because the transactions or events giving rise to the tax penalties occurred more than three years prior to the filing of his bankruptcy petition, the penalties have been discharged. See § 523(a)(7)(B).[12] The IRS argues in response that Hosack failed to raise this issue in the lower courts and thus waived it on appeal. See XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd., 513 F.3d 146, 153 (5th Cir. 2008) (stating that an argument not raised before the district court cannot be raised for first time on appeal); In re Fairchild Aircraft Corp., 6 F.3d 1119, 1128 (5th Cir. 1993) (explaining that to be preserved, an argument "must be raised to such a degree that the trial court may rule on it"). A review of the record reveals that Hosack in fact asserted in his complaint and briefs in the bankruptcy court and district court that the tax penalties were not excepted from his Chapter 7 discharge. We find his general assertions sufficient to preserve the argument for appeal in light of the fact that the IRS, as the party seeking an exception to discharge, bears the burden of proof as to nondischargeability. See In re Fields, 926 F.2d 501, 503 (5th Cir. 1991). The onus was on the IRS, rather than Hosack, to show that no genuine issue of material fact existed and that it was entitled to judgment as a matter of law on this issue. See Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1264–65 (5th Cir. 1991) ("Where, as here, the moving party bears the burden of proof at trial, it must come forward with evidence which

---

attempt" to comply with the requirements of the IRC.

[12] Section 523(a)(7) states that debts for fines, penalties, or forfeitures for the benefit of a governmental unit that are not compensation for actual pecuniary loss are excepted from discharge unless (A) the penalties relate to dischargeable taxes "or (B) [are] imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition." § 523(a)(7)(A)–(B) (emphasis added). Thus, even if the underlying tax is nondischargeable, as is the case here, tax penalties for taxable years more than three years pre-petition may be discharged. See McKay v. United States, 957 F.2d 689, 693–94 (9th Cir. 1992); In re Roberts, 906 F.2d 1440, 1441–43 (10th Cir. 1990).

would entitle it to a directed verdict if the evidence went uncontroverted at trial.") (citations and internal quotation marks omitted). Yet the IRS failed to discuss the penalties in its motion for summary judgment. Consequently, because the bankruptcy court did not consider whether the tax penalties had been discharged in its order granting summary judgment, we remand so that it may address the issue in the first instance.[13]

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the order of the district court affirming the order of the bankruptcy court holding that the income tax deficiencies were excepted from Chapter 7 discharge; we REMAND the case to the bankruptcy court to determine whether the proposed tax penalties were nondischargeable. AFFIRMED in part, REMANDED in part. Costs shall be borne by Hosack.

---

[13] To the extent that Hosack's remaining assertions constitute additional arguments, we conclude that they lack merit.