T.C. Memo. 2010-235

UNITED STATES TAX COURT

GARY LEE COLVIN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17167-09L.          Filed October 26, 2010.

Gary Lee Colvin, pro se.

Chris Sheldon, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

JACOBS, Judge:  The dispute between the parties concerns an administrative determination by respondent's settlement officer to sustain the proposed imposition of a levy to collect petitioner's unpaid Federal income taxes for 2000.  The issue involved is whether, following a collection due process hearing

pursuant to the requirements of section 6330(c), the settlement officer's determination constituted an abuse of discretion.

Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended.

FINDINGS OF FACT

At the time petitioner filed his petition, he resided in Texas.

Petitioner previously petitioned this Court with respect to the underlying deficiency for 2000 in Colvin v. Commissioner, docket No. 16557-04. A trial in that matter was held on January 10, 2006, and the last posttrial brief was submitted on June 6, 2006.

Before the Court issued an opinion, petitioner filed a petition in bankruptcy dated September 5, 2006, under chapter 7 of the Bankruptcy Code with the U.S. Bankruptcy Court for the District of Arizona. Petitioner listed the Internal Revenue Service (IRS) as a creditor holding an unsecured nonpriority claim with respect to his liability for unpaid 1999 income taxes totaling $2,258.53. No liability for Federal income taxes for 2000 was listed.

Respondent did not file a proof of claim or otherwise participate in the bankruptcy proceeding. Neither respondent nor petitioner notified this Court of petitioner's bankruptcy filing.

On January 19, 2007, the bankruptcy court issued a discharge order. Attached to that order was an "EXPLANATION OF BANKRUPTCY DISCHARGE IN A CHAPTER 7 CASE". Listed among "Debts that are Not Discharged" were "Debts for most taxes".

The docket sheet in docket No. 16557-04 does not indicate that any action was taken by the Court between June 6, 2006, and June 19, 2007. We filed our opinion in docket No. 16557-04 on June 19, 2007. See Colvin v. Commissioner, T.C. Memo. 2007-157, affd. 285 Fed. Appx. 157 (5th Cir. 2008). On September 14, 2007, we entered a decision that petitioner had a $10,346 tax deficiency for the year 2000.

On February 4, 2008, respondent assessed petitioner's 2000 income tax. On July 7, 2008, respondent mailed petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing for his unpaid 2000 income tax liability. In response to that notice, on August 11, 2008, petitioner filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing (section 6330 hearing). On line 7 of Form 12153, which requires the reason the taxpayer disagrees with the proposed collection action, petitioner checked the "Other" box, listed his reason for challenging the proposed levy as "Bankruptcy", and noted: "This debt was discharge [sic] pursuant to a chpt 7 bankruptcy discharge dated January 19, 2007". Petitioner raised no other reason, such as collection alternatives.

Respondent forwarded petitioner's request for a section 6330 hearing to several Appeals Offices in States which were considerable distances from petitioner's residence. Thereafter, petitioner and respondent exchanged a series of letters regarding where the requested section 6330 hearing would be held, and ultimately petitioner's case was assigned to an Appeals Office in Arizona, a location which petitioner found agreeable. Respondent's Appeals Office mailed correspondence to petitioner's Arizona residence, but petitioner was unaware of the correspondence because he then resided in Texas. Eventually, the problem was resolved, and respondent's settlement officer and petitioner held a section 6330 hearing on May 14, 2009.

At petitioner's section 6330 hearing the sole argument petitioner raised was that his 2000 tax debt was discharged in bankruptcy. Petitioner maintained that the IRS had been listed as a creditor in his bankruptcy petition but it had not submitted a proof of claim. Thus, according to petitioner, the IRS lost its opportunity to collect his unpaid 2000 taxes, and further, it was in contempt of court. The settlement officer rejected petitioner's arguments.

The settlement officer raised collection alternatives with petitioner. The settlement officer stated that petitioner did not qualify for an offer-in-compromise because he had not filed his Federal income tax return for 2006. As an alternative to

submitting an offer-in-compromise, the settlement officer offered petitioner an opportunity to enter into an installment agreement. Petitioner declined this offer.

On June 18, 2009, a manager in respondent's Appeals Office sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 regarding the proposed levy action for 2000. Attached to that notice was a copy of the settlement officer's determination letter which stated that (1) the settlement officer verified that all legal and procedural requirements with respect to the proposed levy were met, (2) petitioner's argument that his 2000 tax debt was discharged in bankruptcy was rejected, and (3) the settlement officer determined that the levy balanced the Government's need for efficient tax collection with petitioner's expectation that the collection action be no more intrusive than necessary. In rejecting petitioner's argument that his 2000 tax debt was discharged in bankruptcy, the settlement officer noted that 11 U.S.C. sec. 507 (2006) provides that, except for certain inapplicable exceptions, unassessed but assessable taxes are not dischargeable in bankruptcy.

On July 16, 2009, petitioner filed a petition in this Court requesting that we review respondent's collection determination.

OPINION

A. Standard of Review

This case involves a review of respondent's determination to proceed with collection of petitioner's unpaid tax liabilities for 2000 via levy. Section 6330 hearings concerning levies are conducted in accordance with section 6330(c). At the section 6330 hearing a taxpayer may raise any relevant issues relating to the unpaid tax, including spousal defenses, challenges to the appropriateness of the collection action, and offers of collection alternatives. A taxpayer may challenge the existence or amount of the underlying tax liability, but only if he did not receive a notice of deficiency or otherwise have an opportunity to dispute the liability. Sec. 6330(c)(2)(B); sec. 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs. Petitioner not only received a notice of deficiency but litigated the deficiency in this Court; hence, he is precluded from raising the underlying tax liability during his section 6330 hearing.

In making a determination following a collection hearing, the Commissioner must consider: (1) Whether the requirements of any applicable law or administrative procedure have been met, (2) any relevant issues raised by the taxpayer, and (3) whether the proposed collection action balances the need for efficient collection of taxes with the legitimate concern that the

collection action be no more intrusive than necessary. Sec.
6330(c)(3).

After the Commissioner issues a notice of determination
following the section 6330 hearing, a taxpayer has the right to
petition this Court for judicial review of the determination.
Sec. 6330(d)(1). Our review of the Commissioner's determination
is subject to the provisions of section 6330.

The judicial review that we are required to conduct in
section 6330 cases focuses on the Commissioner's determination.
Unless the tax liability of the taxpayer that is the subject of
the proceeding is properly at issue, we review the Commissioner's
determination for abuse of discretion. Sego v. Commissioner, 114
T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176 (2000).

The existence and amount of petitioner's tax liability for
2000 was previously decided by this Court. We therefore review
respondent's determinations for abuse of discretion. An abuse of
discretion is defined as any action that is unreasonable,
arbitrary or capricious, clearly unlawful, or lacking sound basis
in fact or law. Thor Power Tool Co. v. Commissioner, 439 U.S.
522, 532-533 (1979); Woodral v. Commissioner, 112 T.C. 19, 23
(1999).

B.  Whether Petitioner's Deficiency for 2000 Was Discharged in
    Bankruptcy

Petitioner's principal argument is that his 2000 tax
obligation was discharged in bankruptcy, with the result that the

obligation is not collectible.  We have jurisdiction to decide whether a tax liability for which collection is at issue was discharged in bankruptcy.  <u>Washington v. Commissioner</u>, 120 T.C. 114, 121 (2003); <u>Thomas v. Commissioner</u>, T.C. Memo. 2003-231.

Petitioner argues that 11 U.S.C. sec. 524(a)(1) (2006) provides that a chapter 7 bankruptcy discharge "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727 * * * of this title, whether or not discharge of such debt is waived".  He further posits that 11 U.S.C. sec. 524(a)(2) (2006) enjoins respondent from taking any action to recover the discharged debt whether or not the discharge of the debt is waived.

A debtor under chapter 7 of the Bankruptcy Code is generally granted a discharge of all debts that arose before the filing of the bankruptcy petition "'[e]xcept as provided in section 523 of this title.'"  <u>Hosack v. IRS</u>, 282 Fed. Appx. 309, 313 (5th Cir. 2008) (quoting 11 U.S.C. sec. 727(b) (2000)).  Concomitantly, 11 U.S.C. sec. 524(a) provides that such a discharge:

> (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

> (2) operates as an injunction against the commencement or continuation of an action * * * to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and

(3) operates as an injunction against the commencement or continuation of an action * * * except a community claim that is exempted from discharge under section 523 * * *.

Thus, while 11 U.S.C. sec. 727(b) (2006) generally discharges a bankrupt debtor's debt, and 11 U.S.C. sec. 524(a) generally voids any judgment and enjoins the collection of the debts of a bankrupt debtor, both sections provide that they do not so operate if 11 U.S.C. sec. 523 (2006) applies.

Title 11 U.S.C. sec. 523(a)(1)(A) provides, in relevant part, that a "discharge under section 727 * * * of this title does not discharge an individual debtor from any debt * * * for a tax * * * of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed".

Title 11 U.S.C. sec. 507(a)(8) grants priority status for unsecured income or gross receipts tax claims of governmental units in certain circumstances. Title 11 U.S.C. sec. 507(a)(8)(A)(iii) gives priority status for taxes "other than a tax of a kind specified in 11 U.S.C. section 523(a)(1)(B) or 523(a)(1)(C), not assessed before, but assessable, under the applicable law or by agreement, after the commencement of the case".

Petitioner's 2000 tax liability involves a tax described in 11 U.S.C. sec. 507(a)(8)(A)(iii); consequently, petitioner's 2000 tax liability is not dischargeable pursuant to 11 U.S.C. sec.

523(a).[1]  Petitioner's tax deficiency for 2000 was not assessed before the commencement of his bankruptcy case because his liability had not as yet been determined by this Court.  However, petitioner's 2000 tax obligation remained assessable because the period of limitations for assessment was tolled by respondent's mailing of the notice of deficiency and by petitioner's filing a petition in this Court.  See sec. 6503(a)(1).  A tax that is unassessed but still assessable at the time one files for bankruptcy is not discharged in a chapter 7 bankruptcy.  In Hosack v. IRS, supra at 313, the Court of Appeals for the Fifth Circuit stated:

> Thus, pertinent to this matter, a Chapter 7 discharge does not serve to discharge a debtor from liability for delinquent income tax that was unassessed at the time the debtor filed for bankruptcy but still assessable by law, regardless of whether the IRS filed a claim in the debtor's bankruptcy case.

See Martinez v. United States, 323 Bankr. 650, 652 (Bankr. E.D. La. 2005) ("A tax that is assessable, but not assessed, before the bankruptcy petition is filed will not be discharged."), affd. 96 AFTR 2d 2005-5473, 2005-2 USTC par. 50,524 (E.D. La. 2005).

That respondent did not file a proof of claim does not affect this conclusion.  A nondischargeable tax debt is not affected by the failure to file a proof of claim.  See Queen v. IRS, 148 Bankr. 256, 258 (S.D. W. Va. 1992) ("The fact that the

[1]Petitioner's tax deficiency does not fall into any of the exceptions specified in 11 U.S.C. sec. 523(a)(1)(B) or (C).

government did not file a claim in the plaintiff-debtor's bankruptcy proceeding is irrelevant; the penalty assessment is not discharged and the IRS may seek to recover from the debtor post-discharge."), affd. per curiam 16 F.3d 411 (4th Cir. 1994); Kinney v. IRS, 123 Bankr. 889, 891 (Bankr. D. Nev. 1991) (in chapter 11 proceeding, "The IRS's failure to file timely a proof of claim would, at most, result in a loss of the right to payment under the plan.  However, a creditor with a nondischargeable debt can collect outside the plan as well as under the plan.").

Petitioner's tax liability for 2000 therefore falls squarely within the bankruptcy discharge exception of 11 U.S.C. sec. 523(a)(1)(A).  In summation, (1) petitioner's 2000 tax liability was not discharged, and (2) respondent is not enjoined from commencing a collection action with respect to that liability.

Petitioner also contends that (1) respondent violated the automatic stay provision of 11 U.S.C. sec. 362(a)(8) (2006) as a consequence of not notifying the Court of petitioner's bankruptcy proceeding, and (2) that failure invalidated the deficiency proceeding.  We do not agree with petitioner's contention. Regardless of whether notification was provided to the Court, we took no action in petitioner's case while petitioner's bankruptcy proceeding was in progress.  Thus, petitioner was not harmed.

C. Whether Petitioner Was Entitled To Raise His Underlying Tax Liability at His Section 6330 Hearing

Petitioner further maintains that respondent abused his discretion by not allowing petitioner to dispute his underlying tax liability for 2000 at the section 6330 hearing. The underlying tax liability for 2000 that respondent seeks to collect was the subject of a notice of deficiency that petitioner received and was resolved in a matter before this Court. As noted supra p. 6, pursuant to section 6330(c)(2)(B), petitioner is precluded from challenging the existence or amount of the underlying tax liability for 2000 in this proceeding.

Petitioner cites Montgomery v. Commissioner, 122 T.C. 1 (2004), in support of his position. That case is inapplicable in that it involved a section 6330 hearing for a taxpayer who had not had a previous opportunity to contest the underlying deficiency.

D. Timeliness of Respondent's Assessment

Petitioner asserts that "the tax court decision did not become final until September 17, 2008", after the Court of Appeals upheld our decision. Therefore, according to petitioner, respondent's assessment of petitioner's income tax on February 4, 2008, was premature and thus an abuse of discretion.

The record does not indicate that petitioner raised this issue at his section 6330 hearing. Regardless, petitioner is incorrect in his analysis. Section 6213(a) bars the Commissioner

from assessing a tax liability until our decision becomes final, and section 7481 makes our decisions final only when all opportunities for appeal have been exhausted.  But section 7485 trumps this by providing that assessment shall be stayed during an appeal only if the taxpayer posts a bond.  There is no evidence that petitioner posted a bond.  See <u>Kovacevich v. Commissioner</u>, T.C. Memo. 2009-160 n.4.  Therefore, respondent was permitted to assess petitioner's income tax when we entered a decision in docket No. 16557-04 on September 14, 2007.

E.   <u>Other Matters Considered at the Section 6330 Hearing</u>

Section 6330(c)(1) and (3) provides that the settlement officer must (1) verify that the requirements of applicable law and administrative procedure have been met, and (2) consider whether the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection be no more intrusive than necessary. The notice of determination states that the settlement officer verified that the requirements of all applicable law and administrative procedure were met and determined that the levy appropriately balanced the need for efficient collection of taxes with petitioner's concern that the collection action be no more intrusive than necessary.  We are satisfied that the mandates of section 6330(c)(1) and (3) have been met.

We have considered all of petitioner's arguments, and to the extent not discussed herein, we find them to be without merit and/or irrelevant.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.